UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE ALLEN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | Case No. CV 21-02759 AB (RAO)<br><br>ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DENYING CERTIFICATE OF APPEALABILITY |

## I. BACKGROUND

On March 22, 2021, Petitioner Bruce Allen constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner seeks habeas relief from his current state custody arising from his 1983 conviction and resulting sentence of life without the possibility of parole in Los Angeles County Superior Court, case number LAA023609. Petition at 11 and Exh. C.

The records of this Court establish that Petitioner has filed two prior habeas actions concerning his 1983 conviction and sentence. *See Allen v. Kernan*, No. CV 16-4803-AB (RAO) (C.D. Cal. June 30, 2016); *Allen v. Kernan*, No. CV 18-5848-AB (RAO) (C.D. Cal. July 3, 2018). In the 2016 action, the Court denied on the

merits Petitioner's claim that California Senate Bill 261, codified at California Penal Code § 3051, unconstitutionally violates his Fourteenth Amendment right to equal protection by excluding him from eligibility for a youth-offender parole hearing based on his prison sentence of life without the possibility of parole. *See* October 5, 2016 Report and Recommendation, Dkt. No. 13 at 5-10, *adopted by* November 9, 2016 Order, *Allen v. Kernan*, No. CV 16-4803-AB (RAO), Dkt. No. 15.[1]

A review of the instant Petition demonstrates that Petitioner again seeks to raise an equal protection claim that California Penal Code § 3051 unconstitutionally excludes him from the state's youthful-offender parole eligibility scheme. Petition at 5, 9-13. Neither the Petition itself nor the records of the Ninth Circuit establish that the Ninth Circuit has authorized Petitioner to bring a successive petition in this Court.

## II. DISCUSSION

The United States Supreme Court has explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S. Ct. 2641, 162 L. Ed. 2d 480

---

[1] In the 2018 action, the Court denied as time-barred Petitioner's challenge to the 1983 conviction and sentence. *See* July 17, 2018 Report and Recommendation, Dkt. No. 7, *adopted by* August 29, 2018 Order, *Allen v. Kernan*, No. CV 18-5848-AB (RAO), Dkt. No. 8.

(2005); see also *Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).

The Court finds that Petitioner's present Petition is clearly a "second or successive" habeas petition. Petitioner is not challenging a new or intervening judgment, nor is he attempting to raise a claim or claims that could not have been brought in an earlier petition; indeed, he raised the same claim in his 2016 action. *C.f. Clayton v. Biter*, 868 F.3d 840, 843-45 (9th Cir. 2017); *Hill v. State of Alaska*, 297 F.3d 895, 898 (9th Cir. 2002). Moreover, the Petition and records of the Ninth Circuit establish that Petitioner has not been granted authorization by the Ninth Circuit to file a successive petition to raise his claims.

For these reasons, the Court finds that it lacks jurisdiction to consider the Petition. Therefore, the reference to the Magistrate Judge is vacated and the Petition is dismissed for lack of jurisdiction. *See Burton*, 549 U.S. at 152-53. The Clerk is directed to enter judgment dismissing the Petition.

### III. CERTIFICATE OF APPEALABILITY

Under AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and

(2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Here, the Court is dismissing the Petition without prejudice because it is a successive petition without proper authorization from the Ninth Circuit. Since the Petition is patently a successive petition, Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

### IV. ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DISMISSED** without prejudice for lack of jurisdiction; and
2. A Certificate of Appealability is **DENIED**.

DATED: April 28, 2021

_____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE